**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| REBECCA WEHRLE, on behalf of herself and all other plaintiffs similarly situated, <br><br>            Plaintiffs, <br><br>       v. <br><br> MIDWEST SLEEP ASSOCIATES, LLC d/b/a Midwest Center for Sleep Disorders <br><br>            Defendant. | ) ) ) ) ) ) ) Case No.: ) ) ) ) ) ) |

**COLLECTIVE ACTION COMPLAINT**

NOW COMES Plaintiff REBECCA WEHRLE ("WEHRLE") on behalf of herself and all other plaintiffs similarly situated, by and through her attorneys, and for her Collective Action Complaint against Midwest Sleep Associates, LLC doing business as Midwest Center for Sleep Disorders ("MCSD") states as follows:

**SUMMARY OF THE CASE**

1.  This civil action is brought by Rebecca Wehrle who seeks redress for the violations of her rights under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). This action is brought as a collective action pursuant to 29 U.S.C. § 216(b) alleging violations of the Fair Labor Standards Act. It is also brought under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq*. for violating the overtime requirements of the IMWL.

**JURISDICTION AND VENUE**

2.  Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367. The Court has personal jurisdiction over Defendant.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391 as the Defendants does business in this Judicial District. Defendant has offices in Aurora, Illinois and Yorkville, Illinois and Plaintiff and other members of the proposed Collective Class performed services in this Judicial District and overtime violations occurred here.

**FACTS**

4. At all relevant times, the Plaintiff worked as a sleep technician for MCSD. She was employed in this capacity for more than a half decade and until shortly prior to the filing of this Complaint.

5. The non-compliant practices as alleged herein are part of a practice and policy common to a group or "class" of past and present employees. These past and present employees are entitled to receive notice of these proceedings and afforded the opportunity to join their individual claims.

6. During the course of Plaintiff's employment, MCSD directed Plaintiff to work in excess of 40 hours in individual work weeks and Plaintiff did customarily work in excess of 40 hours in individual work weeks. Plaintiff was not compensated one and one-half times her regular hourly rate of pay for all time worked in excess of 40 hours in individual work weeks.

7. Plaintiff and similarly situated other sleep technicians and other non-exempt full time employees typically worked 11.5 hour shifts for seven days in a row and therefore performed approximately 80 hours of work over a 7 day period. After scheduling its employees to work approximately 80 hours over 7 days, MCSD typically would schedule its employees to not work over the next seven calendar days.

8. By way of example, during the June 16-30, 2013 pay period, Plaintiff Wehrle worked 91.5 hours and received no overtime compensation. During the May 16-31, 2013 pay

period, Plaintiff Wehrle worked 103 hours and received no overtime compensation. For the July 1-15, 2013 period, Plaintiff Wehrle worked 91.5 hours and received no overtime. Copies of Plaintiff Wehrle's paystubs from these dates are attached hereto as Exhibit A.

9. Other non-exempt similarly situated employees, likewise, were directed to work in excess of 40 hours in individual work weeks by MCSD and did work in excess of 40 hours in individual work weeks but were not paid one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours in individual work weeks.

10. In late 2014, MCSD acknowledged that it was improperly paying its employees and attempted to modify scheduling to avoid overtime violations. It did not, however, reimburse its employees for past overtime that was owed to them.

11. Plaintiff and other similarly situated employees are not exempt from the overtime provisions of the law.

12. Plaintiff was not paid on a salary basis.

## COLLECTIVE ACTION ALLEGATIONS
## OF THE FLSA CLASS

13. Plaintiff seeks to maintain this suit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of herself and all other non-exempt employees. ("FLSA Class")

14. All putative members of the collective are similarly situated because, inter alia, they all had similar duties, performed similar tasks; were entitled under the FLSA to be paid for all hours worked and paid overtime for all work in excess of 40 hours per week; and had such rights undermined and neglected by Defendant's unlawful practices and policies.

15. Defendant has encouraged, permitted, and required the Class to work without proper without overtime compensation.

16. Defendant has known that Plaintiff and other members of the FLSA Class have been deprived of overtime compensation. Nonetheless, Defendants has operated under a scheme to deny the Plaintiffs and the Class all compensation for work in excess of 40 hours of the FLSA Class.

17. Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and other members of the FLSA class.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

18. The Plaintiff re-alleges and incorporates by reference all of the above allegations.

19. Under the FLSA, Plaintiff and the FLSA Class were entitled to be paid at the overtime rate by Defendant for each hour worked in excess of 40 hours each workweek.

20. The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate.

21. Defendant failed to compensate the FLSA Class at the overtime rate for work performed in excess of 40 hours per week in violation of the FLSA.

22. Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor and therefore were willful and deliberate.

23. Due to Defendant's violations of the FLSA, the FLSA Class is entitled to recover from Defendant their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C.§216(b).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Rebecca Wehrle, individually and on behalf of all others similarly situated, by and through her attorneys, demands judgment against the Defendant in

favor of Plaintiff and others similarly situated on their behalf, for a sum that will properly, adequately, and completely compensate them for the nature, extent, and duration of their damages, the costs of this action, and as follows:

1. Award all actual damages suffered by Plaintiff and others;

2. Order the disgorgement of all monies improperly retained or obtained by the Defendant;

3. Enter an Order declaring that Defendant willfully violated the overtime provisions of the FLSA;

4. Award Plaintiff and the Class damages in the amount of overtime wages required by the FLSA denied them by Defendant's actions;

5. Award Plaintiff liquidated damages equal to Plaintiff's unpaid overtime compensation under the FLSA;

6. Award Plaintiff punitive damages;

7. Award Plaintiff post judgment interest;

8. Award Plaintiff reasonable attorneys' fees as well as the costs of this action;

9. Award such other further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

## COUNT II
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

24. Plaintiffs hereby reallege and incorporate paragraphs 1 through 23 of this Complaint, as if fully set forth herein.

25. This count arises from Defendant's violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

26.     Under the IMWL, Defendant was and remains obligated to compensate Plaintiff and similarly situated employees for all hours worked in excess of 40 hours in any individual work week.  Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

27.     During the 3 years prior to the filing of this Complaint, Plaintiff and similarly situated employees were regularly permitted, encouraged and/or required to work in excess of 40 hours per week but were not compensated for such overtime work.

28.     By failing to pay overtime compensation due to Plaintiff and similarly situated employees, Defendant willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation to be paid to non-exempt employees.

29.     As a result of Defendant's policy and practice of withholding all overtime compensation due, Plaintiff and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

(a)     A declaratory judgment that Defendant has violated the overtime provisions of the IMWL;

(b)     A judgment to Plaintiff in the amount of unpaid overtime;

(c)     A judgment to Plaintiff of punitive damages as provided by IMWL;

(d)     A judgment to Plaintiff of reasonable attorney's fees;

(e)     Costs incurred in filing this action; and

    (f)    Such other and further relief as this Court deems appropriate and just.

Dated May 19, 2015                                      Respectfully Submitted,

                                                               /s/ David J. Fish
                                                               One of the Attorneys for the Plaintiff

David J. Fish
Sarmistha (Buri) Banerjee
THE FISH LAW FIRM
200 E 5th Ave Suite 123
Naperville, IL 60563
T: 630-355-7590
F: 630-778-0400